UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

| Case No. | CV 16-850 DSF (RAOx) | Date | 3/15/16 |
|---|---|---|---|
| Title | Calliopi Chaldaris v. Verdugo Vista Operating Company, L.P., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Dkt. No. 9)

There is no dispute that all Plaintiffs as well as Defendant Sonya Isayan are citizens of California. Nonetheless, this case was removed from state court based on diversity. Defendants argue that Isayan is fraudulently joined. Plaintiffs now move to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for March 21, 2016 is removed from the Court's calendar.

A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

Isayan is the administrator of a long-term licensed skilled nursing facility. The decedent, Calliopi Chaldaris, was a resident at the facility and allegedly suffered extremely poor care in violation of California elder abuse statutes. Defendants suggest – without explicitly saying so – that nursing home administrators are not personally liable under California law for harms that they personally did not directly cause. But Defendants cite no authority that says that nursing home administrators cannot be personally liable for harms suffered in their facilities and the statute suggests otherwise. The statutory definition of "abuse" includes "[t]he deprivation by a care custodian of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

goods or services that are necessary to avoid physical harm or mental suffering," Cal. Welfare & Inst. Code § 15610.07(a)(2), and "care custodian" is defined to include Isayan's administrator position, Cal. Welfare & Inst. Code § 15610.17.  Isayan is alleged to have failed to manage the facility properly, allowing inadequate staffing and substandard care.  See Compl. ¶¶ 4-12; 27-37  While it does not provide exceptional detail, the complaint certainly suggests ways in which Isayan's allegedly poor administration may have led to violation of the statutes.

Defendants' other response to these allegations is to suggest that Plaintiff is required to plead significant detail about Isayan's liability or to simply deny that the allegations are true.  But the standard is whether it is obvious under the settled laws of California that no claim can be stated against Isayan.  Defendants have not demonstrated that this is the case.

The motion to remand is GRANTED.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  While unsuccessful, the Court finds that the removal was objectively reasonable.  The request for fees and costs is DENIED

IT IS SO ORDERED.